UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KALA WHITE,

        Plaintiff,

v.

STATE OF MICHIGAN et al.,

        Defendants.
_____/

Case No. 1:18-cv-224

Honorable Gordon J. Quist

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff initially filed his action in the Southern District of California, and the action subsequently was transferred to this Court, where venue is proper. Plaintiff has filed a series of motions respecting his failure to pay the filing fee: a motion seeking leave to proceed *in forma pauperis* (ECF No. 8); a motion seeking an order directing the Michigan Department of Corrections (MDOC) to pay his filing fee (ECF No. 9); and motion seeking an order vacating the Court's May 30, 2018, deficiency order, which directed Plaintiff to either pay the full filing fee or file the documents required to proceed *in forma pauperis* (ECF No. 7). Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying

order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). The Court therefore will deny Plaintiff's motions (ECF Nos. 7-9) respecting his filing fee.

## **Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. The Court has dismissed three of Plaintiff's lawsuits for failure to state a claim. *See White v. Renico et al.*, No. 2:13-cv-158 (W.D. Mich. Mar. 4, 2014); *White v. Hathaway et al.*, 2:09-cv-134 (W.D. Mich. Oct. 1, 2009); *White v. Williams et al.*, 2:07-cv-220 (W.D. Mich. Apr. 11, 2008); *White v. Mich. Dep't of Corr.*, 2:07-cv-86 (W.D. Mich. Nov. 15, 2007). Plaintiff also previously was denied leave to proceed *in forma pauperis* in this Court. *See White v. Renico et. al.*, No. 2:13-cv-158 (W.D. Mich. June 24, 2013).[1] Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff's pending motions regarding his filing fee (ECF Nos. 7-9) will be denied. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fee

---

[1] Plaintiff paid the full filing fee after being denied leave to proceed *in forma pauperis*. Upon review of the complaint, the Court dismissed the action for failure to state a claim, rendering the case a further strike within the meaning of 28 U.S.C. § 1915(g). *See White v. Renico et al.*, No. 2:13-cv-158 (W.D. Mich. Mar. 4, 2014) (Op. & J., ECF Nos. 13, 14.)

within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fee.


Dated: June 28, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**